BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
E-mail: fbottini@bottinilaw.com
ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff Natalie Ocegueda*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATALIE OCEGUEDA, derivatively on behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ZUCKERBERG, SHERYL SANDBERG, MARC ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAN DESMOND-HELLMANN, and JAN KOUM,<br><br>Defendants,<br><br>- and –<br><br>FACEBOOK, INC.,<br><br>Nominal Defendant. | Case No. 18-cv-1893-VC<br><br>**Plaintiff's Notice of *Ex Parte* Motion and *Ex Parte* Motion for Expedited Discovery or, in the Alternative, Request to Set a Status Conference**<br><br>(Civil L.R. 7-10)<br><br>The Honorable Vince Chhabria<br>Action Filed: March 27, 2018 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 7-10 of the Civil Local Rules, Plaintiff Natalie Ocegueda respectfully submits this *ex parte* motion for expedited discovery or, in the alternative, request to set a status conference. In support of this *ex parte* motion, Plaintiff submits the accompanying Declaration of Yury A. Kolesnikov ("Kolesnikov Decl.") and proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Court should grant Plaintiff's *ex parte* motion and allow Plaintiff to conduct expedited discovery necessary to adjudicate Plaintiff's declaratory judgment claim. Good cause exists because declaratory judgment claims require prompt resolution and because recent developments reveal that substantially more users were affected by Facebook's deficient controls over user privacy and data security than previously believed. These developments require prompt resolution of Plaintiff's declaratory judgment claim, which seeks judicial declaration of whether Facebook must notify its users of data misappropriation, including (1) which users were impacted by the Cambridge Analytica incident; (2) what other Facebook applications and vendors had improper access to user data; and (3) what users were impacted by the other incidents. Moreover, the requested discovery (one set of requests for production of documents and one deposition) is limited in scope, thus ameliorating any burden on Facebook.[1]

In the alternative, Plaintiff requests that the Court promptly set a status conference in this action to discuss the issues relating to the resolution of Plaintiff's declaratory judgment cause of action and the necessary discovery.

///

---

[1] This *ex parte* motion is directed only to Facebook, whose counsel has appeared. At this time, Plaintiff does not seek expedited discovery from the Individual Defendants named in Plaintiff's complaint filed on March 27, 2018 ("Complaint"). All "¶ __" references are to the Complaint. *See* Dkt. No. 1. Unless otherwise noted, all internal citations and quotation marks are omitted, and all emphasis is added.

*Ex Parte* Motion 1 No. 18-cv-1893-VC

**BACKGROUND**

On March 17, 2018, it was reported that over a period of several years, Cambridge Analytica, a data analytics firm, had received access to and improperly retained personal user information pertaining to 50 million Facebook users without their knowledge or informed consent. ¶ 2. The misappropriated user data was collected through a Facebook application known as "thisisyourdigitallife" and was made possible due to Facebook's deficient controls over user privacy and data security, which permitted developers of Facebook applications to access not only the application users' personal data, but also personal user data pertaining to the users' Facebook "friends." ¶¶ 3–4. Egregiously, Facebook knew about the deficiencies in its platform *since at least 2011*, but failed to take any meaningful steps until early 2015, by which time personal information of millions of Facebook users was improperly accessed and misappropriated. ¶¶ 6–7, 45–46. Facebook also publicly admitted that it was aware of the Cambridge Analytica data misappropriation *since 2015*, but failed to notify impacted users. ¶¶ 8–9, 48–50. The disclosure caused Facebook to lose nearly $50 billion in market capitalization in just a few days. ¶ 11.

Plaintiff, a Facebook shareholder and user, filed this action on March 27, 2018, asserting direct and derivative claims against certain present and former directors and officers of Facebook in connection with their breaches of fiduciary duties and violations of federal and state laws. Among other things, Plaintiff seeks judicial declaration under 28 U.S.C. § 2201 and California Code of Civil Procedure § 1060 of Plaintiff's rights under the "Rights and Responsibilities Agreement." ¶¶ 213–223. Plaintiff also seeks judicial declaration requiring Facebook to notify its users of the data misappropriation. ¶ 224.

Since the lawsuit was filed, numerous additional facts have been disclosed, underscoring the need for prompt resolution of Plaintiff's declaratory judgment claim. On April 4, 2018, Facebook disclosed that *up to 87 million* users may have had their information improperly shared in the Cambridge Analytica incident — a significant

increase from the prior estimate of 50 million.  Kolesnkov Decl., Ex. 1 at 4.  On April 5, 2018, Facebook's Chief Operating Officer, Defendant Sheryl Sandberg, admitted that Facebook still does not know what other developers got improper access to user data. *Id.*, Ex. 2 at 2.  Ms. Sandberg also admitted that she and Defendant Mark Zuckerberg, "were way too idealistic," "did not think enough about the abuse cases," "did not do enough to protect people's data," and, as a result, are "really sorry for that." *Id.* at 3.

**ARGUMENT**

**I.     *Ex Parte* Motion Is Proper Under Rule 7-10**

Rule 7-10 allows a party to file an *ex parte* motion when authorized by "a statute, Federal Rule, local rule or Standing Order."  CIV. L.R.  7-10.  As is relevant here, California Code of Civil Procedure § 1062 provides that actions seeking declaratory relief — such as Plaintiff's eighth cause of action — "shall be set for trial at the earliest possible date and shall take precedence over all other cases."  In addition, under the All Writs Act, the Court "may issue all writs necessary or appropriate in aid of [its] … jurisdiction[] and agreeable to the usages and principles of law."  28 U.S.C. § 1651.

**II.    The Court Should Allow Limited Expedited Discovery**

As relevant here, Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by … court order."  FED. R. CIV. P. 26(d).  In fashioning discovery orders under Rule 26(d), the Court "wield[s] ***broad discretion***, as [it] [does] when managing any aspect of discovery." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 U.S. Dist. LEXIS 79087, at *9 (N.D. Cal. Sept. 3, 2008) (citing, *inter alia*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Laub v. U.S. Dep't. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); and *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996)).

"In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference.  Good cause may be found where the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party." *Id.* at \*\*9–10 (collecting cases); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 273–76 (N.D. Cal. 2002) (rejecting defendant's reliance on a strict, four-pronged test, and instead applying the "more flexible" and "conventional" "standard of good cause in evaluating [p]laintiff's request for expedited discovery"). Expedited discovery is particularly appropriate where it would "avoid[] ongoing, continuous harm" to the injured party. *See UMG Recordings*, 2008 U.S. Dist. LEXIS 79087, at \*11.

Here, prompt judicial action is required to avoid ongoing, continuous harm to Plaintiff and other Facebook users whose personal information was misappropriated and improperly shared by Facebook with third-party applications. As alleged in the complaint, despite being generally aware of the deficiencies in its platform ***since 2011*** (¶¶ 6–7, 45–46) and being specifically aware of the Cambridge Analytica data misappropriation ***since 2015*** (¶¶ 8–9, 48–50), Defendants have yet to notify the specific users affected by the Cambridge Analytica data misappropriation. As recent developments have confirmed, nearly 87 million user accounts were compromised in the Cambridge Analytica incident (Kolesnikov Decl., Ex. 1 at 4) and, very likely, many more million user accounts were compromised by other applications (*id.*, Ex. 2 at 2). In sum, Facebook data breach extends far beyond the Cambridge Analytica incident.

Moreover, prompt judicial action is required to avoid ongoing, continuous harm to Facebook. In 2011, following an investigation by the U.S. Federal Trade Commission ("FTC"), Facebook entered into a consent order to settle charges that Facebook deceived consumers regarding Facebook's information-sharing practices. ¶¶ 14–15, 66–69. It is very likely that the improper information-sharing activities alleged in the Complaint as well as Facebook's failure to disclose the data misappropriation violated the prior FTC consent order. ¶ 15. If Facebook's conduct is found to violate the FTC consent order, Facebook could face fines of ***$40,000 per day*** for violation of the consent order. ¶ 97. Accordingly, prompt relief is necessary to avoid further damages to Facebook.

In light of these facts and recent developments, Plaintiff and other Facebook users are entitled to prompt judicial declaration as to Facebook's requirement to notify its users of, at the very least, the following: (1) what users were affected by the Cambridge Analytica incident; (2) what other applications and vendors improperly acquired personal user information during the relevant period; and (3) what users were affected by the other applications' improper access to and misappropriation of user data. *See, e.g.*, CAL. CIV. PROC. CODE § 1062 (actions seeking declaratory relief "shall be set for trial at the earliest possible date and shall take precedence over all other cases").

In order for the Court to be able to adjudicate Plaintiff's eighth cause of action for declaratory relief promptly, as required by applicable law, Plaintiff requests limited expedited discovery. Specifically, Plaintiff seeks to propound one set of requests of production of documents on Facebook and conduct one deposition of Facebook's Chief Information Security Officer ("CISO"), Alex Stamos. As alleged in the Complaint, following the revelation of the Cambridge Analytica incident, it was announced that Mr. Stamos would be stepping down after internal disagreement with the way Facebook handled user privacy and data misinformation concerns. ¶ 12. The Complaint alleges that in the years leading up to the Cambridge Analytica incident, "Facebook and the Individual Defendants were informed on numerous occasions by current and former Facebook employees, including Stamos, about the risks associated with Facebook's policies and practices concerning data sharing." ¶ 13. As Facebook's CISO and outspoken critic of Defendants' failure to maintain proper user privacy and data security controls (*see, e.g.*, ¶¶ 70–75), Mr. Stamos would have relevant knowledge about Facebook's deficient user privacy and data security controls that would aid in the resolution of Plaintiff's declaratory judgment cause of action.

The requested expedited discovery would not pose an undue burden on Facebook, when balanced against good cause supporting granting discovery. Notably, as detailed above, the requested discovery is very limited in scope. Moreover, by

Facebook's own admissions, multiple other applications may have had access to users' private information during the relevant period, which would have impacted many more millions of users than were impacted by the Cambridge Analytica incident. Plaintiff and other Facebook users are entitled to prompt notification if their private information was improperly accessed and misappropriated. *See, e.g.*, CAL. CIV. CODE § 1798.82(a) (requiring a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person and providing, *inter alia*, that "[t]he disclosure shall be made *in the most expedient time possible* and *without unreasonable delay*").

## CONCLUSION

For the foregoing reasons, the Court should grant expedited discovery as to Plaintiff's eighth cause of action for declaratory judgment and allow Plaintiff to propound one set of requests for production of documents to Facebook and one deposition notice to Mr. Stamos. In the alternative, the Court should promptly set this action for a status conference to discuss prompt resolution of Plaintiff's declaratory relief cause of action and discovery that is necessary for its resolution.

Dated: April 6, 2018

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002
E-mail:   fbottini@bottinilaw.com
           ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff Natalie Ocegueda*

**DENIED**
Haywood S. Gilliam Jr.
Judge Haywood S. Gilliam Jr.
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA